## W. A. LANGFORD *v.* THE STATE.

1. PERJURY—FALSE-SWEARING.—See this case for an exposition of distinctions between these offences as they are severally defined by the Penal Code of this State.

2. SAME.—If a false statement be made in an affidavit "required by law," or made in the "course of a judicial proceeding," the offence cannot be "false-swearing," but may be perjury.

3. Same. — A sworn complaint made before a magistrate for the purpose of instituting a criminal prosecution is an affidavit "required by law," and made "in the course of a judicial proceeding," as those phrases are used in the Code.

4. Evidence. — It was error to allow the State to prove, over objection, statements made by the wife of the defendant in his absence.

5. Same. — A bill of sale purporting to have been signed by the defendant was admitted in evidence against him, without proof of its execution or other predicate. Held, error.

Appeal from the District Court of Williamson. Tried below before the Hon. W. A. Blackburn.

The opinion discloses the case. A term of two years in the penitentiary was the punishment assessed against the appellant.

*Makemson, Fisher & Price*, and *W. T. Dalrymple*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, and *W. B. Dunham*, for the State.

Hurt, J. The appellant was tried and convicted of the offence of false-swearing, from which conviction he appeals to this court. The assignment of false-swearing is made upon an affidavit sworn to before A. W. Morrow, a justice of the peace for Williamson County, wherein the appellant charges one James Flint with the theft of a mule. The appellant moved to quash the indictment, setting forth several objections thereto. We shall consider but one, which is as follows, viz.: "Because it [the indictment] shows that if any offence has been committed, it is another and different one from that charged in the indictment." The court overruled the motion, to which the appellant excepted.

The question presented for our decision is this: By swearing to such an affidavit before the justice, was appellant guilty of *false-swearing* or *perjury*, the other ingredients being present? The proper solution of this question

requires a construction of arts. 186, 188, 192, Penal Code.
False-swearing is defined as follows : " If any person shall,
deliberately and wilfully, under oath or affirmation legally
administered, make a false statement, by a voluntary decla-
ration or affidavit, which is not required by law or made in
the course of a judicial proceeding, he is guilty of false-
swearing."    Penal Code, art. 196.

" Perjury is a false statement, either written or verbal,
deliberately and wilfully made, relating to something past
or present, under the sanction of an oath, or such affirma-
tion as is by law equivalent to an oath, when such oath or
affirmation is legally administered under circumstances in
which an oath or affirmation is required by law, or is neces-
sary for the prosecution or defence of any private right, or
for the ends of public justice."    Id., art. 188.

" All oaths or affirmations legally taken, in *any stage*
of a judicial proceeding, civil or criminal, in or out of court,
or before a grand jury, are included in the description of
this offence."    Id., art. 192.

We will see by examining art. 196 that if the *statement*
is made in the course of a judicial proceeding it cannot be
" false-swearing."    On the other hand, by art. 188, if the
false statement under oath or affirmation is necessary for
*the ends of public justice*, perjury, and not false-swearing,
is the offence.    At what stage of a judicial proceeding must
the false statement be made?    At any.    Art. 192.    Where
must it be made?    " In or out of court."    Ibid.    It follows
that if the false statement is made under oath, legally ad-
ministered, under circumstances which make it necessary
for the ends of public justice, or at any stage of a judicial
proceeding, in or out of court, the making of such state-
ment (the other elements attending) would be perjury.

The second chapter of the Code of Criminal Procedure
makes full and complete provisions for this affidavit.    In
law it is called a " complaint."    The magistrates are
authorized to issue their warrants upon the making of the

complaint. Unless in cases specially provided for otherwise by the Code, the magistrate must base his warrant upon the complaint. It is the very basis of the prosecution in a great many cases. Without it there can be no proceeding, except through the grand jury. (We allude to criminal proceedings.) Suppose this complaint is filed before the county attorney, and upon it an information is presented; suppose, further, that the complaint is quashed — what will be the fate of the information? Or, to carry the supposition further, suppose a conviction is had upon the information, and the defendant moves in arrest of judgment, upon the ground that the complaint is defective. The judgment, conviction, information, and complaint — in fact, the whole proceeding — dissolves and crumbles to pieces. Is this a "judicial proceeding"? Most clearly it is. Nor does it matter at what stage the statement is made, — the beginning, intermediate, or end, — whether taken in or out of court. It follows, from art. 196, that if it be a judicial proceeding it is not false-swearing.

At common law, perjury was "the wilful false oath by one who, being lawfully required to depose the truth in any proceeding in a court of justice, swears absolutely in a matter of some consequence to the *point in question*, whether he be believed or not." It may be contended, as is stated by Mr. Archbold, that, to constitute perjury, "the judicial proceeding must be pending in court at the time the oath was taken and the false statement made." 3 Archb. Cr. Pr. & Pl. 593–612. But we believe that our Penal Code, in arts. 188, 192, meets that very objection. Art. 192 provides that if the oath is taken "in any stage" of the proceeding, "in or out of court," the offence is perjury. This, to our minds, concludes the question.

But let us view it in another light. We find that if the oath is necessary for, or to the ends of public justice, then it would be perjury. If Mr. Flint had stolen the mule, public justice demanded that he should be prosecuted. The

whole people of this State had an interest in his prosecution. In order, then, that the ends of public justice might be attained by the punishment of the guilty, the law required this complaint to be made and sworn to. This is the beginning of the prosecution, to the end that public justice may be had in the premises.

Again : if the oath is required by law, or, to use the language of the Code, " under circumstances in which an oath is required by law," then it would be perjury. A. desires to prosecute B. for theft — a felony. The grand jury is not in session. What must he do? The law requires that he make a complaint before a proper officer, in writing, charging B. with the theft? Before the officer can legally issue his writ for the arrest of B., the law requires that the complaint shall be sworn to. Hence we conclude that the affidavit, or complaint, upon which the false-swearing was assigned was required by law. The *oath* was taken, then, " under circumstances required by law."

We are not to understand that the law *must require* the defendant, or any particular individual, to make the oath ; but, if the law requires such an instrument to be sworn to (before it can have a legal standing) by any person, then, if taken, it would be under circumstances *required* by law.

We conclude, therefore, that the court below erred in overruling appellant's motion to quash.

The State proved by the witness Flint, over objection of appellant, the declarations of appellant's wife, as follows : "I asked Mrs. Langford for the bill of sale. She at first refused to give it to me ; said the mule was her property, and that defendant told her there was $10 due on the mule, and she would not let me have the bill of sale unless I promised to pay her the $10. I told her I traded for the mule, but agreed to pay her the $10 she claimed, and she gave me the bill of sale which is here shown to me." The bill of sale was introduced in evidence, without proof of execution by appellant. We are at a loss to know upon

what principles of the law of evidence the statements, either of Mrs. Langford or of the witness Flint, could be legal evidence against appellant, he not being present. Before a jury they were calculated to, and no doubt did prejudice his case. We think the bill of sale should have been shown to have been executed by appellant, before admitting it in evidence.

For the above errors the case is reversed and remanded. *Reversed and remanded.*